UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICARDO B. FULLER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:13-cv-053-LJM-WGH |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Ricardo B. Fuller for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**Background**

Fuller is serving the executed portion of a sentence of 65 years imposed in 2006 in Tippecanoe County following his convictions for burglary, criminal confinement, and domestic battery and for being a habitual offender. His convictions were affirmed on appeal in *Fuller v. State*, No. 79A04-0703-CR-147 (Ind.Ct.App. October 23, 2007)(*Fuller*). The Indiana Supreme Court denied transfer on December 20, 2007. The direct appeal was followed with a petition for post-conviction relief, which the trial court denied. Fuller's appeal of that disposition was dismissed with prejudice based on Fuller's failure to file a brief that complied with the *Indiana Rules of Appellate Procedure.* Fuller's petition for transfer was denied on October 23, 2012.

The circumstances surrounding Fuller's offenses and prosecution were summarized by the Indiana Court of Appeals in Fuller's direct appeal:

> Fuller married L.F. in April 2005. They began experiencing marital problems in September of that year, and L.F. moved in with her mother. By November, Fuller and L.F. had reconciled and decided to rent a house in Lafayette. Only L.F. signed the lease, but Fuller and L.F. both were listed as tenants.
>
> On January 10, 2006, L.F. and Fuller had an argument and Fuller struck L.F. L.F. went to her mother's home and called police from there. Fuller also went to the home and entered it without permission. Police officers arrived and warned Fuller that he was trespassing, but they could not substantiate that L.F. had been battered. They then escorted Fuller back to the house where he had been living with L.F. He packed some belongings and told police that he was going to Kokomo to stay with a "girlfriend." Tr. p. 161.
>
> On February 7, 2006, L.F. met with her landlord and had Fuller removed from the lease. It was the landlord's practice to change the locks on the door anytime there was a change in tenants. On February 10, 2006, L.F. arrived home from work at approximately 10:30 p.m. Also there was L.F.'s roommate, Brandy Loman. After she arrived home, Fuller called L.F., who told Fuller that she had to go to bed and not to call her anymore. Fuller called again, and at that same time there was a knock on the front door, which was locked. Loman looked out the window and saw that it was Fuller. L.F. and Loman refused to open the door, and Fuller said that he would break the door open if they did not let him in. L.F. attempted to call 911, but her phone was no longer working. Fuller then smashed the glass on the door, reached in and unlocked it, and entered the house.
>
> L.F. escaped through the back door of the house, but Fuller caught up with her outside and began battering her. L.F. remembers Fuller punching her in the head and kicking her in the stomach, and she lost consciousness during the beating. L.F. was taken to the hospital, where she was found to have sustained a fracture to the medial wall of the right eye socket, or the part of the eye socket next to the nose. She also had an ethmoid fracture, at the base of the cranium, as well as numerous abrasions and a six-inch laceration above her right eyebrow.
>
> L.F. obtained a protective order against Fuller on February 21, 2006. Nevertheless, Fuller repeatedly continued calling L.F. and leaving threatening messages for her.
>
> On March 23, 2006, the State charged Fuller with Class A felony burglary, Class C felony battery resulting in serious bodily injury, Class D felony domestic battery, and Class A misdemeanor domestic battery in connection with the February 10-11, 2006 incident. The State also charged Fuller with two counts of Class A misdemeanor invasion of privacy and one count of Class D felony

invasion of privacy in connection with violations of the February 21, 2006 protective order.

On March 26, 2006, L.F. got home from work and found Fuller waiting for her in the dining room. Fuller accused L.F. of being unfaithful and punched her in the face at least ten times. He then made L.F. get trash bags in which to put her roommate Loman's belongings. Fuller had both L.F.'s home phone and cell phone so she could not call for help. While L.F. was attempting to put Loman's things in the trash bags, Fuller continued accusing her of cheating and continued punching her, and also kicked her in the stomach and in the head. He threw a beer can at L.F., which lacerated one of her earlobes. He pushed L.F. down the stairs. He threatened to kill L.F. if she admitted to cheating, and to kill her if she did not admit it because he would know she was lying. Then, after hitting L.F. a few more times, Fuller told her to take a shower. She did, and afterwards Fuller allowed her to go to sleep.

Despite having visible marks on her face, L.F. persuaded Fuller to let her go to work the next morning. She was found to have a "blowout" comminuted fracture of her right eye socket. Tr. p. 195. A nurse testified that "blowout" meant there were several fractures of the socket, and comminuted meant the fractures did not fit back together perfectly because some of the bone had been pulverized. L.F. also had multiple bruises on her face, arms, legs, and ribs, and had sharp pain in her right hip.

On March 28, 2006, the State filed additional charges against Fuller, under the pre-existing cause number, for Class B felony criminal confinement, Class A misdemeanor domestic battery, and Class A misdemeanor invasion of privacy in connection with the March 26, 2006, incident. At the initial hearing for all of the charges, the trial court assigned an omnibus date of May 19, 2006.

*Fuller*, at pp. 2-5.

Fuller now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### Discussion

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs

"when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). Procedural default can also occur with respect to "a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

In this case the procedural default analysis which is required is entirely dispositive of the habeas petition.

Fuller's claims that there was insufficient evidence to support the burglary and criminal confinement convictions are procedurally defaulted. These claims were not presented in Fuller's petition for transfer in his direct appeal. Furthermore, in Fuller's direct appeal he did not present his claims that: 1) the charging information from the burglary charge was defective and that he was improperly sentenced based on the burglary conviction; 2) it was error to allow the State to add the charge that Fuller was a habitual offender; and 3) there were double jeopardy violations in the burglary, domestic battery and criminal confinement convictions.

Fuller raises two claims that procedural errors tainted his post-conviction proceeding. Specifically, he claims that his due process rights were violated by: 1) the denial of his petition without an evidentiary hearing; and 2) the Indiana Court of Appeals' dismissal of his post-conviction appeal. However, errors at post-conviction do not present a cognizable basis for relief

under § 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981). Even if properly preserved, therefore, the foregoing claims of error in the post-conviction relief proceedings thus do not warrant the habeas relief Fuller seeks.

In addition, in his appeal from the denial of post-conviction relief Fuller claimed ineffective assistance of trial and appellate counsel and newly discovered evidence. These claims were disposed of on an independent and adequate state law ground when Fuller's unauthorized oversized brief lead to dismissal of the appeal. On May 1, 2012, the Indiana Court of Appeals denied Fuller's motion for leave to file such a brief. On May 14, 2012, the Indiana Court of Appeals entered a notice of defect, noting that Fuller's brief exceeded the word count limit set forth in Appellate Rule 44(E). On June 8, 2012, the Indiana Court of Appeals dismissed Fuller's appeal with prejudice. This dismissal constituted Fuller's procedural default as to claims he intended to present in his appeal from the denial of post-conviction relief and thereby preserve for federal habeas review. *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996)("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage)"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted).

In his reply to the respondent's return, Fuller argues that the actual innocence exception should apply to him, "where the constitutional violation demonstrated by Fuller has resulted in the confinement of Fuller who is actually innocent of the burglary and of the criminal confinement conviction according to the fact, witness of fact, matters of fact, inferences, characterization of the facts, and mixed fact/law given in record." This may be Fuller's attempt to invoke the fundamental miscarriage of justice exception to the doctrine of procedural default. If so, however, it is insufficient. In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Fuller offers no evidence of his actual innocence here. He offers no explanation showing that "no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*), and it is nearly absurd for such an argument to be suggested.

**Conclusion**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his

claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Fuller has encountered the hurdles of non-cognizable claims under 28 U.S.C. § 2254(a) and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Fuller's request for an evidentiary hearing is **denied**.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Fuller has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 02/11/2014

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Ricardo B. Fuller
# 169040
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only